McMILLIN, C.J.,
for the court.
¶ 1. Cheyenne Smith was convicted of aggravated assault following a jury trial in the Noxubee County Circuit Court. On appeal his only challenge to his conviction is that the evidence was insufficient to support it, or at least so weak as to necessitate a new trial. We disagree and affirm.
I.
Facts
¶ 2. On the evening of August 22,1997, a fight involving several individuals occurred at a bar in Noxubee County. Among the principal antagonists were the defendant Cheyenne Smith and the victim of the crime for which Smith was tried, Travis Maxwell. Conflicting testimony places in dispute the events leading up to the fight and during the fight itself, but the result was that Maxwell was taken to the hospital where he was treated for multiple lacerations to his back.
¶ 3. Maxwell and two of his friends, Carlos Hill and Davine Beck, arrived at the bar at about 10:30 P.M. Thirty minutes later the defendant Smith arrived with his girlfriend Shirley Smith. Maxwell and Smith, both inside the bar but standing next to opposite walls, claimed that the other was gesturing and trying to “start something.” Maxwell went to the bar to get a beer. As he walked near Cheyenne Smith, Smith “bumped” him. A fight ensued. Smith claimed that at some stage Hill was holding him from behind while Maxwell continually hit Mm. Smith’s girlfriend, however, testified that he did not have any noticeable bruises.
¶ 4. The fight ended when Maxwell, yelling that he had been cut, ran from the bar. Smith threw a beer bottle as Maxwell ran, hitting him in the head. Hill testified that after Maxwell had stumbled and lay face down in a shallow ditch, he saw Smith and others standing over him. Maxwell testified that as he was lying in the ditch, he was sufficiently conscious to know that it was Smith who stabbed him. Eight or nine other people were around him as well, and some were kicking him. Maxwell remained in a hospital for three weeks, recovering from four lacerations on his back.
¶ 5. Smith turned himself in to police eleven days after the incident. At the police station, Smith gave a statement. In it, he admitted to throwing the beer bottle and to cutting Maxwell. Smith was indicted and tried for aggravated assault, specifically for causing bodily injury to Maxwell with a deadly weapon “by repeatedly stabbing the said Travis Maxwell with the said knife and by hitting Travis Maxwell with his fists....” No knife was ever found, nor did anyone testify to having seen a knife. At trial, Smith denied that he had used any knife or other sharp object to cut Maxwell.
II.
Discussion
¶ 6. Cheyenne Smith argues that the evidence that he ever used a knife in the assault was too insubstantial to permit his conviction to be sustained. He complains that either his peremptory instruction should have been granted, which would have resulted in his acquittal from this charge, or at least that he should have been granted a new trial.
¶ 7. The related but readily distinguishable issues of the sufficiency and the weight of evidence are both raised in this appeal. When a person convicted of a crime argues that the evidence presented was insufficient, the appellate court is to take all the evidence admitted at trial, considering that evidence and its inferences in the light most consistent with the verdict. “If the facts and inferences so *1285 considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty, reversal and discharge are required.” Smith v. State, 802 So.2d 82 (¶ 10) (Miss.2001). Otherwise, we are to affirm.
¶ 8. When the argument is that a new trial — not an acquittal — is required, we view the evidence from the same perspective as for the sufficiency issue. We would order a new trial, despite that there is some evidence on every element of the offense, only if we conclude that the overwhelming weight of the evidence is so contrary to the verdict that to uphold it would be to approve an “unconscionable injustice.” Crawford v. State, 754 So.2d 1211 (¶ 30) (Miss.2000).
¶ 9. Looking now at the charge of aggravated assault, we find that the point in contention on appeal is the claim that a knife was used as a deadly weapon. Smith in his trial testimony denied possessing any weapon. His girlfriend testified that she used a knife and cut Maxwell once on his lower back. The evidence, though, was that Maxwell was cut many more times than that. Smith’s written statement on the day of his surrender to police was apparently never formally introduced into evidence, nor was it included in the appellate record. At our request, the record was supplemented with these exhibits. Still, the officer who took the confession was questioned at length about it. Smith denied the accuracy of the statement, but that was for the jury to evaluate. No argument is made that it was not voluntary or its taking violated any of Smith’s rights. The officer stated that Smith had said that during his fight with Maxwell, that Smith “had one hand free so I cut him to get him off of me,” Smith then said “I don’t know how many times I cut him. I only wanted to get him off of me.” Maxwell himself testified that while Maxwell was lying in the ditch, that it was Smith who stabbed him. Even so, Maxwell felt the stabs but never saw a knife in Smith’s hand.
¶ 10. Smith’s testimonial denials and other factual issues raised by the defense created matters of credibility and weight for the jury. There was, though, evidence both from Smith’s statement and from Maxwell’s testimony that Smith stabbed Maxwell. Such matters are for the jury. Collier v. State, 711 So.2d 458 (¶ 18) (Miss. 1998). We find sufficiency and sufficient weight to the evidence.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF NOXUBEE COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THREE YEARS POST-RELEASE SUPERVISION AND TO PAY RESTITUTION IN THE AMOUNT OF $4,464.35 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NOXUBEE COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.